JOSEPH WALDAUER *v.* VICKSBURG RAILWAY AND LIGHT
COMPANY.

[40 South. Rep., 751.]

CARRIERS. *Ejection of passenger. False imprisonment. Laws 1904,*
*ch. 99, p. 140. Separation of races. Jim Crow law. Evidence.*

In an action against a street railway company for ejecting a pas-
senger and causing him to be arrested for a violation of Laws
1904, ch. 99, p. 140, relating to the division of cars into separate
compartments for white and colored passengers:

(*a*) Evidence is admissible to establish a custom of the company
permitting passengers of both races to occupy the back platform
of its cars, where the only evidence of a division of the inside
of its cars between the two races consisted of testimony of a
custom; and

(*b*) To justify the company in causing the arrest and ejection from
its cars of a passenger for violating the statute it must have itself
complied with the provisions of the law; and

(*c*) The posting of a sign, neither a partition nor an adjustable
screen, in a street car indicating that part of the car was to
be occupied by white and another part by colored persons, espe-
cially if the sign be too small to be seen from all parts of the
car, is not a compliance with the statute.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Waldauer, the appellant, was plaintiff in the court below; the
railway and light company, the appellee, was defendant there.
From a judgment in defendant's favor, predicated of a peremp-
tory instruction, the plaintiff appealed to the supreme court.

Plaintiff boarded an open or summer car operated by the
defendant, and stood on the rear platform; the conductor re-
quested him to move to the front part of the car, stating that he
was violating the "Jim Crow" law—referring to Laws 1904, ch.
99, p. 140, which provides that street railways shall furnish

"separate accommodations for the white and colored races by providing two or more cars or by dividing the cars by a partition or adjustable screen, . . . so as to secure separate accommodation for the white and colored races." The car was well filled with passengers, and there were a number of ladies in the front part of it. A negro was seated on the rear end platform. The plaintiff told the conductor he did not care to sit down or go inside; that he preferred to stand on the rear platform, as he was using tobacco. The conductor called the attention of the plaintiff to a sign suspended in the car, indicating that the front part of the car was for white and the rear for colored passengers. The conductor collected plaintiff's fare and insisted that he go inside to the front of the car. Plaintiff refused to do so, and the conductor stopped the car, got a policeman, and had plaintiff arrested for violating the "Jim Crow" law. Plaintiff brought suit, and on the trial offered to prove that it was the custom of the railroad company to allow passengers to ride on the rear platform regardless of race, but the trial court excluded the testimony.

*N. V. Robbins,* for appellant.

This is a case analogous to that of the *Southern, etc., Co.* v. *Compton,* 86 Miss., 296 (s.c., 38 South. Rep., 629).

In the instant case, as in that cited above, the defendant in the court below signally failed to carry out the provisions of what is known as the "Jim Crow" law. A sign was used by defendant company to separate the white and colored races. This court, through Chief Justice WHITFIELD, held in the *Compton case, supra,* that the use of a sign, such as is shown in that case, or indeed of a sign at all, does not carry out the provisions of the statute, which was enacted to effect the separation of the white and colored races, and that the defendant company cannot be heard to insist upon the observance of the minor features of the statute when it has violated the law itself.

The arrest of the plaintiff was such an act as entitled the plaintiff to damages, was willful, unwarranted and unjustifiable, and the case should have been permitted to go to the jury with proper instructions.

*Smith, Hirsh & Landau,* for appellee.

To hold that because the defendant had violated the law in the past it had no right to turn over a new leaf and commence to obey the law and require the plaintiff to obey the law would certainly be remarkable doctrine. The testimony of plaintiff plainly shows that he was violating the "Jim Crow" law of 1904; and that after the conductor called his attention to it, he refused to obey the law. The plaintiff was guilty of a misdemeanor, and the conductor was right in refusing to carry him on the car.

The case is entirely unlike the case of *Southern, etc., Co.* v. *Compton,* 68 Miss., 269 (s.c., 38 South. Rep., 629), since the evidence is insufficient to show that the act of 1904 had not been complied with by defendant.

Argued orally by *N. V. Robbins,* for appellant.

TRULY, J., delivered the opinion of the court.

It was error to refuse to admit testimony to establish that it was the custom of the appellee to permit passengers of both races to occupy the back platforms of its street cars. So far as the proof discloses, it was only by an established custom that even the inside of the cars was divided between the two races. The proof of this custom was elicited by an inquiry of the trial judge propounded to the appellant, and to which interrogatory the reply was made that "the rear seats are reserved inside of the car for negroes, and for the white people the front seats, has been the custom." Similar testimony to establish the custom in reference to the use of the platform was immediately thereafter excluded. This was clearly erroneous.

The appellee caused the public arrest and ejection from its cars of the appellant for an alleged violation of what is commonly called the "Jim Crow" law.    Laws 1904, ch. 99, p. 140. But that law does not deal with platforms at all.    It deals with the cars in which passengers generally ride.    Its provisions are confined in their operation to "cars and compartments,". and requires the divisions of cars into compartments for the accommodation and separation of the races.    In order to justify a street car company in directing the arrest of a passenger for a violation of this law, it must be manifest that the company has itself faithfully carried its provisions into effect.    The law was enacted in pursuance of a wise public policy, and its mandate is obligatory on all street car companies.    But in the instant case it does not appear that the appellee has complied with its requirements.    The contrary fact is plainly deducible from the entire testimony in this record.    It is very apparent from this record that this street car company, as in *Traction Co.* v. *Compton,* 86 Miss., 269 (38 South. Rep., 629), has resorted to the subterfuge of putting up "signs," instead of providing screens or partitions, as required by the express terms and manifest intent of the statute.    We again condemn as unavailing this attempt to evade the law.    The testimony discloses that the sign intended to operate as a separation of the seats to be occupied by the two races was not visible from the platform where appellant stood.    Assuredly, a sign so small as not to be visible from any portion of the car cannot be magnified into a partition or screen dividing a car into separate compartments.

It was error to take this case from the jury.    The appellee must first comply with the law before its protection can be invoked to avoid liability for an otherwise tortious act.    If the appellee, while itself willfully violating or ignoring the law, still attempts to punish a passenger for refusing to obey the same law, and wrongfully ejects him from the car because of such refusal, the wronged passenger would be entitled to such damages

as the jury, under the circumstances attendant upon the expulsion and arrest, might feel justified in awarding.

*Reversed and remanded.*